BRUCE MIDDLEKAUFF v. CARL ZIGLER, *a Minor, by Paul Zigler, his Guardian and Next Friend.*

**No. 431.** (62 Pac. 729.)

PRACTICE — *District Court — Issues — Evidence — Instructions.*
The defendant, on the trial, by the introduction of evidence, presented an issue not raised by the pleadings; it was not error for the court to instruct thereon.

Error from Lincoln district court; R. F. THOMPSON, judge. Opinion filed October 27, 1900. Affirmed.

STATEMENT.

CARL ZIGLER, a minor, by his next friend, sued Bruce Middlekauff, to recover commissions upon a sale of cattle. The petition alleged in substance as follows : That the defendant is indebted to the plaintiff in the sum of $111.50 upon an account, for commission due him for selling or causing to be purchased

Middlekauff v. Zigler.

from the defendant 223 head of cattle ; that the agreed commission was fifty cents per head ; that the buyer was one Haley ; that the amount claimed was correct and just, and that the defendant employed the plaintiff in selling the cattle ; and that, in pursuance of said authority from the defendant, the plaintiff earned the agreed commission of fifty cents per head, which the defendant failed and refused to pay.   The answer was a general denial.   There was a trial to a jury, which resulted in a judgment and verdict for plaintiff for the amount claimed.   The defendant prosecutes this petition in error thereon, and assigns for error : First, that the court erred in denying his motion for a new trial.   Second, that the court erred in refusing to give to the jury the following instructions :

" (*a*) Should you find and believe from the testimony in this case that the contract for the sale of the cattle in question with the plaintiff was on the condition that a purchaser should be procured before March 1, 1898, in order to entitle the plaintiff to the commission upon the sale, the plaintiff cannot recover.   (*b*) If you find and believe from the evidence in this case that the negotiations which afterward led to the sale of the cattle in question were induced and brought on by James Ryan and A. J. Harlan, then the plaintiff cannot recover in this case, and your verdict should be for the defendant."

Third, that the court erred in its instructions numbered 5, 6, and 7.   Instead of complying with the rule of this court by setting out the instructions complained of, reference is made to the record therefor.

*F. H. Dunham*, and *David Ritchie*, for plaintiff in error.

*Geo. D. Abel*, and *C. B. Daughters*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J.: Instruction *a*, as requested by the defendant, was given in substance, with a modification to the effect that the plaintiff could not recover upon such conditional contract unless the defendant had waived the condition as to the time of sale. It is argued by counsel that this was error, because there was no such issue presented. It was due from the defendant, if he relied upon such condition, to plead the same. This he did not do, but was permitted by the court to offer proof to sustain the claim therefor made by him during the trial. He cannot now complain that the court gave an instruction fitted to the occasion which he created. Counsel say no such question was presented either in the pleadings or the evidence. In this they are mistaken.

The instruction marked *b* was immaterial. It matters not that negotiations were initiated through others who claimed no commission, if such negotiations were taken up by the plaintiff with the knowledge and consent of the defendant, and through his efforts resulted in a sale. The court told the jury that the plaintiff could not recover unless he proved by a preponderance of the evidence that his efforts were the efficient and procuring cause which produced the sale.

The proposed instruction *b* would have tended to mislead the jury. It was shown that one James Ryan and another, A. J. Harlan, first informed the buyer of the fact that the cattle were for sale, and advised him to see them and to say they claimed no commission if he bought them. He looked at them, was told the price, and declined to buy. Then the plaintiff intervened and through his efforts a sale was

made.   This latter is uncontradicted.   Now it made no difference that Ryan and Harlan were instrumental in inducing the first negotiation, which came to naught.

We have not examined instructions 5, 6, and 7, alluded to in the third assignment, for the reason that counsel have not complied with the rules of this court in relation thereto.   These matters which we have noticed are the only grounds discussed in the brief; hence we cannot say that the court erred in denying the motion for a new trial.

The judgment is affirmed.